```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UNITED STATES OF AMERICA,                          :
                                                   :       ORDER
        -against-                                  :
                                                   :       17-CR-518 (BCM)
CRISTINA MONTIJO,                                  :
                                                   :
                Defendant and Judgment Debtor.     :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __5/19/21__

**BARBARA MOSES, United States Magistrate Judge.**

Now before the Court is a motion by defendant Christina Montijo (Dkt. No. 33) for (i) a transfer of the pending civil garnishment proceeding in this action to the Southern District of California; and (ii) a hearing to decide the validity of her claims for exemption from garnishment. For the reasons set forth below, the motion is DENIED.

## Background

On January 17, 2018, Montijo pled guilty in this Court to bank theft in violation of 18 U.S.C. § 2113(b) and agreed to pay a total of $333,366 in restitution to her three victims. Montijo was sentenced to three years of probation, directed to perform 100 hours of community service, and ordered to pay 10% of her gross monthly income toward restitution. Judgment (Dkt. 24). Montijo was supervised in the Southern District of California, where she resides and is employed. *Id*. The Government reports that, during her 36 months of probation, Montijo made only 21 voluntary payments of $794 apiece, totaling $16,674, and did not make any voluntary payments after July 2020, although the Government recovered an additional $6,629 via the Treasury Offset Program. *See* Letter dated April 14, 2021 (Gov. Ltr.) (Dkt. No. 38) at 1. In total, the Government reports, Montijo has paid $23,303 in restitution, leaving $310,088 due and owing. *Id*.

On January 24, 2020, the Government applied to the district judge sitting in Part I of this Court, *ex parte*, for a writ of garnishment directed to defendant's employer, the San Diego Unified School District (the School District), to secure payment from her nonexempt disposable earnings pursuant to the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. § 3205(b).[1] The writ (Writ) (Dkt. No. 32; Dkt. No. 35-1) was issued on January 29, 2020, directing the School District to file an answer stating, "whether or not [it had] in [its] possession, custody or control any property owned by the debtor, including nonexempt, disposable earnings," and to retain such property. Writ at 2. On February 13, 2020, the Government served the Writ and related papers on the School District and the defendant by mail. (Dkt. No. 36-1.) Included in the service package was a Clerk's Notice of Post-Judgment Garnishment (Clerk's Notice) (Dkt. No. 35-2) explaining to the defendant, in substantially the form required by 28 U.S.C. § 3202(b), that "non-exempt earnings are being taken by the United States Government" but that "there are exemptions under the law that may protect some of this property from being taken by the Government, if you can show that the exemptions apply." Clerk's Notice at 1-2. A list of potential exemptions was attached. *Id*. at ECF pages 5-6. The Clerk's Notice further advised that the defendant could request a transfer to the district in which she resided. *Id*. at 2.

Perhaps because of the COVID-19 pandemic, no answer was filed by the School District in 2020, and no garnishment commenced. The Government served the School

---

[1] According to the Government, the Application for Writ of Garnishment (Application) (Dkt. No. 35) was made "more than two years after the Court ordered restitution and six months after Montijo stopped making voluntary payments." Gov. Ltr. at 1. This suggests that defendant stopped making voluntary payments after July 2019, not July 2020. The Application stated that the amount due and owing as of January 24, 2020 was $323,045.76. Application at 1.

District again, by email, on March 24, 2021 (Dkt. No. 36-2), and served defendant again, also by email, on April 8, 2021. (Dkt. No. 36-3.)

By letter dated April 6, 2021, received by the Clerk of Court on April 12 and filed on April 13, 2021, defendant requested a transfer of this action to "the Court in San Diego County . . . to have a hearing about my case[.]" Mot. at 1. She explained, "[D]ue to the health situation in the country, I would prefer to have my hearing locally." *Id*. Defendant attached a Claim for Exemption Form in which she checked boxes to indicate that she believes the following exemptions apply: "Wearing apparel and school books," [f]uel, provisions, furniture and personal effects," and "[b]ooks and tools of a trade, business, or profession." Def. Mot. at ECF page 6. Defendant does not otherwise challenge the Writ.

On April 1, the School District mailed copies of its Answer (Dkt. No. 37) to defendant and to the U.S. Attorney's Office in this district, which filed the document on April 13, 2021. The Answer, which appears to be unsigned, reports that the School District employs defendant as a teacher and pays her monthly wages of $6243.59 after tax deductions and certain other voluntary and non-voluntary deductions. Defendant has made no objection to the Answer.

On April 14, 2021, the Government filed its letter-brief in opposition to defendant's transfer and hearing requests. It argues that because defendant "has claimed inapplicable exemptions for property neither held by the garnishee nor sought by the Government, she has not shown any grounds for a hearing in either district." Gov. Ltr. at 2.

## Analysis

The Government's efforts to garnish Montijo's wages are governed by the FDCPA, which it is entitled to use to collect unpaid restitution within the criminal case in which the

defendant was originally convicted. *United States v. Cohan*, 798 F.3d 84, 89 (2d. Cir. 2015); *United States v. Greebel*, 2021 WL 1518341, at *2 (E.D.N.Y. Apr. 16, 2021). The FDCPA provides that within 20 days after a judgment debtor receives the prescribed Clerk's Notice, she may request a hearing, which shall be held "as soon as practicable," 28 U.S.C. § 3202(d), to determine, among other things, "the probable validity of any claim for exemption by the judgment debtor." 18 U.S.C. § 3202(d)(1). The statute further provides that "[i]f the debtor so requests, within 20 days after receiving the notice described in section . . . 3202(b), the action or proceeding in which the writ . . . was issued shall be transferred to the district court for the district in which the debtor resides." 28 U.S.C. § 3004(b)(2).

A. Transfer

Two Circuits have held that a transfer of venue pursuant to § 3004(b)(2) is mandatory if the debtor makes a timely request. *United States v. Nash,* 175 F.3d 440 (6th Cir.1999); *United States v. Peters*, 783 F.3d 1361 (11th Cir. 2015). Both decisions rely on the use of the word "shall" in § 3004(b)(2), and further note that the purpose of the transfer provision is to make it possible for defendants – especially incarcerated defendants – to attend their FDCPA hearings. *Nash*, 175 F.3d at 443 ("In the interest of justice, courts want to provide criminal defendants with the opportunity for a hearing and do not want to impose an inconvenience or undue financial hardship on them by requiring that they . . . travel far distances to attend these hearings."); *Peters*, 783 F.3d at 1364 ("In cases where the convicted defendant is incarcerated, he is at the mercy of the court to make it possible for him to attend a requested hearing.")

Notwithstanding these decisions, many district courts have held – and continue to hold – that transfer is not mandatory, even when timely requested, because the FDCPA also grants district courts the plenary authority to "make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under the statute." 28 U.S.C. § 3013. *See*, *e.g.*, *United States v. Green*, 2019 WL 2764394, at *2 (D. Kan. July 2, 2019) (quoting *United States v. Sethi*, 2014 WL 4651649, at *2 (D. Colo. Sept. 18, 2014)) (collecting cases and noting that "the 'great bulk of authority'" has found "that the statutory language of § 3004(b)(2) permits the district court to deny a transfer request if the government shows 'good cause' for the denial"); *United States v. Cranston*, 2014 WL 12607710, at *1 (C.D. Cal. Nov. 21, 2014) (quoting *United States v. Gipson*, 714 F. Supp. 2d 571, 576 (N.D. Va. 2010)) ("[T]he majority of federal courts to address this issue treat 'the FDCPA's transfer provision as not mandatory,' and instead find that it 'operates to shift the burden from the party requesting transfer . . . to the party opposing transfer,' to show good cause for denying the transfer request."); *United States v. Matthews*, 793 F. Supp. 2d 72, 75 (D.D.C. 2011) (collecting cases and holding that transfer may be denied if "the government has shown good cause to deny the motion"). At least one judge of this Court has also held squarely, citing *Matthews*, that "transfer under Section 3004(b)(1) is not mandatory." Order of Garnishment, *United States v. O'Brien*, No. 11 Cr. 653, Dkt. No. 30 (S.D.N.Y. Sept. 27, 2019) (Pitman, M.J.), *affirmed on other grounds*, *United States v. O'Brien*, ___ Fed. App'x ___, 2021 WL 1051540 (2d Cir. Mar. 19, 2021).[2]

---

[2] In *O'Brien*, the judgment debtor appealed the garnishment order, arguing that the district court "erred in denying his motion to transfer because a transfer is mandatory under the FDCPA." 2021 WL 1051540, at *2 The Second Circuit noted that the issue remains unsettled, but did not decide it, "because O'Brien's transfer motion was untimely." *Id*. Defendant Montijo's transfer request also appears to be untimely, in that it was made more than 20 days after she was first served with notice of the garnishment proceeding in 2020.

5

Like Judge Pitman, I am persuaded that § 3004(b)(2) does not deprive this Court of its authority, under § 3013, to vary "the use of any enforcement procedure under the statute." Further, I find that that in this case there is good cause for denying the transfer request. First, defendant Montijo is not incarcerated. Second, because of the ongoing COVID-19 pandemic (which the Court assumes is the same "health situation" that defendant references in her transfer request), any necessary hearing could and would be held remotely, eliminating the risks and inconvenience of travel. Third, for the reasons discussed below, Montijo is not entitled to a hearing. The Court therefore declines to transfer all or any portion of this action to the Southern District of California.

*B. Hearing*

Defendant seeks a hearing to determine "the probable validity" of her claims of exemption from garnishment. 28 U.S.C § 3202(d)(1). This is one of the "two narrow grounds" that a court may consider at such a hearing. *United States v. Shyrock*, 2020 WL 5908959, at *1 (D. Kan. Oct. 6, 2020) (quoting *United States v. Sanchez*, 2018 WL 1155989, at *2 (M.D. Fla. Feb. 2, 2018), *report and recommendation adopted*, 2018 WL 1136608 (M.D. Fla. Mar. 1, 2018)). The applicable exemptions are set out in "section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986." 18 U.S.C. § 3613(a); *see also United States v. Clark*, 990 F.3d 404, 406 (5th Cir. 2021) ("The restitution statute borrows these exemptions from the federal tax code."). They are the "sole exemptions available to a criminal debtor." *United States v. Melchor*, 2121 WL 651020, at *2 (M.D.N.C. Jan. 25, 2021), *report and recommendation adopted*, 2021 WL 633649 (M.D.N.C. Feb. 18, 2021). "Unless it is reasonably evident that the exemption

applies, the debtor shall bear the burden of persuasion," at any hearing to determine the validity of the exemption(s) invoked. 28 U.S.C. § 3014(b)(2).

The items of property described by defendant Montijo – "[w]earing apparel and school books," [f]uel, provisions, furniture and personal effects," and "[b]ooks and tools of a trade, business, or profession" – are exempt from levy. *See* 26 U.S.C. § 6634(a)(1)-(3). However, the School District does not possess, and the Government does not seek to take, any of defendant's clothes, school books, fuel, provisions, furniture, personal effects, or tools of a trade. Rather, the Government proposes to garnish her disposable earnings, which according to the School District come to $6243.59 per month.[3] Thus, as in *United States v. Baxter*, defendant's "objection on this basis" must be denied. 2019 WL 2124219, at *1 (W.D. Wash. May 15, 2019); *accord United States v. Melchor*, 2121 WL 651020, at *2 (denying objection where "the Writ of Continuing Garnishment does not seek to garnish any such items, but instead seeks only a proper share of Defendant's earnings.")

"Although the [FDCPA] states that the court 'shall hold a hearing' at the debtor's request, courts have denied a hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or

---

[3] Section 303 of the Consumer Credit Protection Act (CCPA), 15 U.S.C. § 1673(a)(1), provides that "the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed 25 per centum of his disposable earnings for that week." This limitation applies to collections under the FDCPA. *See* 18 U.S.C. § 3613(a)(3); *United States v. Greebel*, 2021 WL 1518341, at *5 n.4. The CCPA defines "earnings" as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise[.]" 15 U.S.C. § 1672(a). "Disposable earnings" means "that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld." 15 U.S.C.A. § 1672(b).

where the objection was simply a matter of statutory interpretation." *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (collecting cases); *accord United States v. Melchor*, 2121 WL 651020, at *3 (no hearing required where defendant "has not raised any viable exemption"); *United States v. Baxter*, 2019 WL 2124219, at *3 (no hearing required where defendant's "challenges based on property exemptions fail where none apply to this garnishment"). Since defendant's claimed exemptions are inapplicable as a matter of law to the garnishment at issue here, her objections are "plainly without merit," making an evidentiary hearing unnecessary.

## Conclusion

For the reasons stated above, defendant's motion for a transfer of venue and a hearing is DENIED.

The Court notes that the Government has not yet submitted an order of garnishment, nor set forth its calculation as to the amount to be garnished from defendant's paychecks. The Court will conduct a conference on **June 9, 2021, at 11:00 a.m.**, to address that issue, via teleconference. The call-in number is **888-557-8511**, and the passcode is **7746387.** At least three court days prior to the conference, the Government shall submit a proposed order of garnishment, with service upon defendant.

The Clerk of Court is respectfully directed to mail a copy of this Order to defendant Cristina Montijo at 3811 Chamoune Ave., San Diego, CA 92105.

Dated: New York, New York  SO ORDERED.
       May 19, 2021

_____
**Barbara Moses**
**United States Magistrate Judge**